UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CHRISTIAN HARRISON, et al** ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> **THE DISTRICT OF COLUMBIA, et al.,** ) <br> ) <br> Defendants ) <br> ) | Civil Action No. 00-3008 (RBW) |

### MEMORANDUM OPINION

Currently before the Court is Defendants District of Columbia's, Officer David Anderson's and Detective Anthony D. Greene's Motion for Summary Judgment [D.E. # 37]. The plaintiff brought this action pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution seeking damages against the defendants for allegedly committing acts under color of law which deprived the plaintiffs of rights secured under the Constitution and laws of the United States.. The plaintiffs also seek both compensatory and punitive damages against the defendants for intentional wrongdoing and acts of negligence under common law.

**I.    Background**

The plaintiffs, Christian Harrison, Khalid Birdsong, Shola Akinnuso, and Jason Yorrick, were at an apartment in the District of Columbia owned by plaintiffs Birdsong and Yorrick on December 19, 1997. Complaint ("Compl.") ¶¶ 11-12. On that date, defendants Anderson and Greene, officers of the District of Columbia's police department, allegedly entered the apartment that was being rented by Birdsong and Yorrick without knocking or identifying themselves as

police officers.  Id. ¶¶ 8-9, 13.  The officers allegedly entered with their service revolvers drawn, and "proceeded to curse, maliciously taunt, assault, batter, falsely arrest, falsely imprison, humiliate, and harass the plaintiffs without cause or explanation."  Id. ¶ 13.  Before leaving the apartment, the officers purportedly told the plaintiffs they would be back in January.  Id. ¶ 14.  According to the plaintiffs, the officers followed through on that promise and returned to Birdsong's and Yorrick's apartment on January 6, 1998, and "proceeded to knock on plaintiffs' door and maliciously taunt, humiliate and harass the plaintiffs."[1]  Id. ¶ 15.

As a result of these two events, the plaintiffs have filed this action against police officers Anderson and Greene, as well as the District of Columbia ("the District"), asserting that the officers' actions violated their rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Id. ¶¶ 1, 24.  The plaintiffs also argue that the officers violated 42 U.S.C. § 1983 when they unlawfully entered their apartment and falsely arrested, falsely imprisoned, assaulted and battered them.  Id. ¶¶ 20, 24, 27, 30, 35.  The plaintiffs further allege two separate theories under which the District could be found liable.  First, they allege direct municipal liability under Section 1983 for the District's "fail[ure] to properly train, supervise, control, direct and monitor [the] officers in their duties and responsibilities."  Id. ¶ 34.  Second, the plaintiffs assert indirect municipal liability under the theory of respondeat superior for the common law equivalents of the tort claims listed above.  Id. ¶¶ 16 ("defendant police officers were acting . . . within the scope of their employment . . ."), 21 ("all liability . . . is imputed to defendant District of Columbia . . ."). Finally, the plaintiffs attempt to bring two other common law negligence claims against the District.  The first appears to be a negligence claim based on

---

[1] The complaint does not specify which of the plaintiffs were present during this second alleged encounter.

excessive force and police brutality. Compl. ¶¶ 18-22. The second is a negligent supervision claim against the District, alleging that it "breached its duty of care by failing to monitor and supervise its police officers' activities and preventing conduct by its employees that violate[d] the District's written policies, and the [C]onstitution of the United States." Id. ¶ 38. Each plaintiff seeks to recover compensatory damages from the District, Officer Anderson, and Officer Greene, as well as punitive damages from Officers Anderson and Greene. Id. ¶¶ a-d. Both officers are being sued in their official and individual capacities. Id. ¶¶ 8-9.

On March 31, 2004, this Court issued a Memorandum Opinion and corresponding Order in response to the District of Columbia's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] In that ruling, the Court dismissed with prejudice the plaintiffs' common law claims of false arrest and imprisonment, as well as the assault and battery claim, because they were time barred. See March 31, 2004 Order and Memorandum Opinion at 5-11. This Court also dismissed with prejudice the plaintiffs' common law claim for negligent use of excessive force for failure to state a claim upon which relief could be granted and also the plaintiffs' Fifth and Fourteenth Amendment claims. See id. at 11-13. Thus, the only claims remaining and subject to the defendants' summary judgment motion are the plaintiffs' claims for violations of their civil rights, their claims for negligent hiring, training and supervision pursuant to section 1983 and their claims that their Fourth Amendment rights were violated.[3]

---

[2] At the time the Court issued its ruling on the District of Columbia's motion to dismiss, neither officer had been served with the complaint. However, the officers have now been served. See Returns of Service dated July 23, 2004 and August 23, 2004, respectively.

[3] The claims are embodied in Counts II (Fourth Amendment Claim only), IV, V, and VI of the plaintiffs' complaint.

**II.     Summary Judgment Standard**

This Court may grant a motion for summary judgment under Rule 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." Id. at 255. The entry of summary judgment is appropriate after there has been an "adequate time for discovery . . . [and the] party [against whom the motion has been filed] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Summary judgment, however, "is a drastic remedy, [and therefore] courts should grant it with caution so that no person will be deprived of his or her day in court to prove a disputed material factual issue." Greenberg v. Food & Drug Admin., 803 F.2d 1213, 1216 (D.C. Cir. 1986). Summary judgment is, accordingly, not appropriate where "the evidence presented on a dispositive issue is subject to conflicting interpretations, or reasonable persons might differ as to its significance . . . ." Id. (citations omitted). Moreover, when reviewing the evidence, the Court must draw "all inferences . . . in favor of the non-moving party[.]" Coward v. ADT Sec. Sys., Inc., 194 F.3d 155, 158 (D.C. Cir. 1999); see also Aka v. Wash. Hosp. Ctr, 156 F.3d 1284, 1295 (D.C. Cir. 1998). The party opposing a motion for summary judgment, however, "may not rest

upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248 (internal quotation marks and citation omitted). And, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted . . . as being true unless [the opposing party] submits [his or her] own affidavits or other documentary evidence contradicting the assertion." Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir.1992) (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).

The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment. Rather, the party opposing the motion must show that there is a genuine issue of material fact. See Anderson, 477 U.S. at 247-48. To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. Id.; see also Laningham v. United States Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

**III.  Analysis**

**A.  Summary of the Arguments**

The defendants move for summary judgment for several reasons. First, they contend that the plaintiffs cannot maintain a claim of liability pursuant to 42 U.S.C. § 1983 because the "plaintiffs have failed to state [an] official municipal practice [that caused] the violation of plaintiff's constitutional rights, no[r] can they prove a policy maker was involved in the violation of [the] plaintiff's rights or knew of a violation of plaintiff's rights and was deliberately indifferent to that violation." Memorandum of Points and Authorities in Support of Defendants

District of Columbia's, Officer David Anderson's and Detective Anthony D. Greene's Motion for Summary Judgment ("Def.'s Mem.") at 10.  Second, the defendants state that the "[p]laintiffs have presented no facts to support a claim of negligent training and supervision, and even if they had, they have presented no facts to support a claim that a policymaker knew of the negligent training and supervision which would be necessary to prove the District of Columbia liable for said violation."  Id.  Moreover, the defendants posit that even if the plaintiff could support a claim that a policymaker knew of the purported negligent training and supervision, the plaintiffs have "uncovered no fact to support a claim that the negligent hiring and supervision was the cause of any constitutional violation."  Id. at 10-11.  Next, the defendants argue that "[t]he individual officers violated no constitutional right, [but] even if a right was violated the individual officers are entitled to qualified immunity."  Finally, the defendants contend that the plaintiffs failed to satisfy the mandatory notice requirements of D.C. Code § 12-309 and thus cannot maintain their common law claim against the District of Columbia.[4]  Id. at 11.

In opposition to the defendants' motion for summary judgment, the plaintiffs' counsel has submitted a three page response, which actually consists of two pages of text.  Plaintiff's Response to Defendants District's and Officers David Anderson's and Anthony D. Greene's Motion for Summary Judgment ("Pls.' Opp'n") at 1.  Therein, the plaintiffs' counsel opines that

---

[4] The defendants also argue that the plaintiffs cannot maintain their common law claims against the individual police officers because the officers "had articulable suspicion necessary to perform an investigatory stop and used objectively reasonable force to maintain the status quo while they made their lawful investigatory stop."  Id. at 11.  However, all of the common law claims, with the exception of the common law claim of negligent supervision, have already been dismissed.  Specifically, this Court's March 31, 2004 Memorandum Opinion and Order dismissed with prejudice the plaintiffs' common law claims of false arrest and imprisonment, as well as their claim for assault and battery, as they were time barred by the governing statute of limitations.  This Court also dismissed the plaintiffs' common law claim for negligent use of excessive force for failure to state a claim upon which relief could be granted.  Accordingly, these common law claims will not be addressed with respect to the individual officers because they must also be dismissed for the same reasons they were not sustainable against the District of Columbia.

"[i]n the Districts (sic) motion to dismiss . . . the District stated its position as being that the basis of recovery would be the Fourth Amendment violations, therefore agreeing to [the] plaintiffs['] constitutional claim."[5]  Id.  She also states that "the undisputed facts as shown in the plaintiffs' deposition transcripts and the police officers' affidavits indicates numerous constitutional violations under the Fourth Amendment."  Id.  Additionally, counsel states that "the individual police officers are not entitled to qualified immunity under the facts and circumstances of [the] plaintiffs' claim."  Id.  Finally the plaintiffs' counsel states that "whether [the] plaintiffs can prove their claim of indifference in hiring, training, and supervision is an issue for trial."  Id.

   B.   **Sufficiency of the Opposition**

At the outset, it is important to note that the resolution of the current motion is shaped by the plaintiffs' counsel's utter failure to properly respond to the defendants' motion for summary judgment.  No statement of disputed material facts or even any other reference to the facts has been presented to the Court by the plaintiffs' attorney.  Equally disturbing is counsel's apparent failure to appreciate the nature of the motion to which she was responding, having referenced the standard of review applicable to Federal Rule of Civil Procedure 12(b)(6) motions rather than Rule 56 motions for summary judgment.  In this Court's more than twenty years of judicial service, it can truly say that it has never had papers submitted to it by an attorney of the quality submitted by plaintiffs' counsel in this case.  In fact, most pro se litigants have submitted papers

---

[5] Notably, the plaintiffs' counsel's response references only the standard of review applicable to a motion to dismiss for failure to state a claim, while the motion now before the Court is for summary judgment.  Moreover, her response references only the arguments advanced by the District in its earlier motion to dismiss, which has already been resolved.

that exhibit greater legal competence than plaintiffs' counsel has in this case.[6]

The Supreme Court has held that "[t]he party opposing a motion for summary judgment . . . 'may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Anderson, 477 U.S. at 248 (quoting Fed. R. Civ. P. 56(e)); see also Matsushita, 475 U.S. at 586 (the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts.") Here, the plaintiffs' response is devoid of any reference to evidence in the record as support for the arguments that the defendants are not entitled to summary judgment. Moreover, the plaintiffs' counsel failed to attach any affidavits or exhibits to her submission, despite the consequences that "any factual assertions in the movant's affidavits will be accepted . . . as being

---

[6]After the issuance of the Court's earlier Memorandum Opinion and Order on March 31, 2004, no action was initially taken by the plaintiffs' counsel in this action, including serving the two officers with the complaint. Consequently, in January of 2005, the defendants filed a motion to dismiss for failure to prosecute. The Court ultimately denied the motion and set a rigid discovery schedule. The Court subsequently required the plaintiffs' counsel to pay the defendants' court reporter fees because of her failure to have her clients appear for scheduled depositions. See Order dated April 25, 2005. Thereafter, on June 17, 2005, this Court issued another scheduling order requiring the filing of dispositive motions by July 15, 2005, with oppositions to such motions due on August 12, 2005 and replies due on August 26, 2005. The Court also scheduled a status hearing for December 16, 2005. The defendants later moved for a ten day extension to file their motion for summary judgment and subsequently filed the motion on July 25, 2005. However, the plaintiffs' counsel did not file her opposition to the motion until December 15, 2005, the day before a scheduled status hearing. At that hearing, the plaintiffs' counsel explained that she had been busy addressing other cases and had not had time to file the opposition. The Court then issued an Order, in response to the defendants' ore tenus motion, directing the defendant to file its motion to strike the plaintiff's opposition to its motion for summary judgment by January 6, 2006. That motion was filed as directed and the plaintiffs' counsel opposition thereto was due by January 20, 2006. On January 21, 2006, the plaintiffs' counsel filed a Motion to Late File the opposition to the defendant's motion to strike and the Court issued a minute order granting the motion on January 23, 2006. The plaintiffs' counsel indicated in her motion to late file that she would file the opposition by the close of business on January 21, 2006. However, by February 13, the opposition had not been filed. Consequently, this Court issued an Order to Show Cause directed to the plaintiffs' counsel on February 14, 2006. At the show cause hearing held on February 24, 2006, the plaintiffs' counsel's response to the show cause order was that her failure to comply with the filing deadline for her opposition to the defendant's motion to strike and the plaintiffs' opposition to summary judgment was due to an unusually large number of cases she was handling and alleged that her failure to comply with the Court's previous orders amounted to excusable neglect. She also attempted to explain the previous delays caused by her conduct in this case, particularly the delay in serving the defendant officers and the delays in producing her clients for their depositions. Despite counsel's historical tardiness and failure to comply with several court orders, the Court nonetheless denied defendants' motion to strike the plaintiffs' opposition to the defendants' summary judgment motion. See Minute Order dated March 13, 2006.

true unless [the opposing party] submits [their] own affidavits or other documentary evidence contradicting the assertion." Neal, 963 F.2d at 456. Local Rule 56.1 of this Court (previously Local Rule 108(h), and prior to that Local Rule 1-9(h)), states, in pertinent part:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . . In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in the opposition to the motion.

LCvR 56.1. "This Circuit has long upheld strict compliance with the district court's local rules on summary judgment when invoked by the district court." Burke v. Gould, 286 F.3d 513, 518 (D.C. Cir. 2002) "Requiring strict compliance with the local rule is justified both by the nature of summary judgment and by the rule's purposes." Twist v. Meese, 854 F.2d 1421, 1424 (D.C. Cir. 1988) (quoting Gardels v. Central Intelligence Agency, 637 F.2d 770, 773 (D.C. Cir. 1980)); see also Federal Deposit Ins. Corp. v. Bender, 127 F.3d 58, 68 (D.C. Cir. 1997) (affirming district court's grant of summary judgment where defendant failed to timely file an opposition, stating that "'[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the [local] rule.'") (citation omitted)). "The moving party's statement specifies the material facts and directs the district judge and the opponent of summary judgment to the parts of the record which the movant believes supports his statement." Id.

> The opponent then has the opportunity to respond by filing a counterstatement and affidavits showing genuine factual issues. The procedure contemplated by the rule thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record. These purposes clearly are not served when one party . . . fails in his statement to specify the material facts upon which he relies and merely incorporates entire affidavits and other materials without reference to the particular facts recited therein which support his view that no genuine issues of material fact exist.

Twist, 854 F.2d at 1424 (quoting Gardels, 637 F.2d at 773 (ellipses in original)). Here, there has been absolute non-compliance by the plaintiffs' counsel with this procedure. Moreover, even if the plaintiffs' counsel had proffered documents to the Court which contained facts that would defeat the defendants' summary judgment motion, which she has not, "a district court judge should not be obliged to sift through . . . depositions, affidavits, and interrogatories in order to make his own analysis and determination of what may, or may not, be a genuine issue of material disputed fact." Id. at 1425; see also Bancoult v. McNamara, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.") (citations omitted); Stephenson v. Cox, 223 F. Supp.2d 119, 122 (D.D.C. 2002) ("The court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss."). "In this respect, a district court may legitimately look to and rely upon counsel to identify the pertinent parts of the record, to isolate the facts that are deemed to be material, and to distinguish those facts which are disputed from those that are undisputed." Twist, 854 F.2d at 1425. Thus, "[w]hen counsel fails to discharge this vital function, [she] may not be heard to complain that the district court has abused its discretion by failing to compensate for counsel's inadequate effort."

10

Id.  Here, the defendants complied with their procedural obligations and have provided 15 separate exhibits, deposition transcripts and affidavits in support of their motion for summary judgment.  This court cannot be expected to sift through these documents to independently assess whether facts are contained therein that raise material issues of fact "unaided by [plaintiffs'] counsel."  Id.  "Indeed, the express terms of the [local rules] disclose that this is the precise circumstance which the Rule[']s] requirements were designed to overcome."  Id.

In addition, "[i]t is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."  Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp. 2d 174, 178 (D.D.C.2002) (citations omitted). "Therefore, because the plaintiff has failed to address the defendants' positions that certain claims in the complaint should be dismissed, the Court will treat those claims as conceded."  Id.; see also Day v. D.C. Dep't of Consumer & Regulatory Affairs, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded."); Bancoult, 227 F. Supp. 2d at 149 ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").  Accordingly, because the plaintiffs' counsel has completely failed to properly respond to the defendants' motion for summary judgment or otherwise respond to any of the legal arguments raised by the defendant, the defendants's motion for summary judgment is granted.

SO ORDERED on this 10th day of April, 2006.[7]

REGGIE B. WALTON
United States District Judge

---

[7] An Order consistent with this Memorandum Opinion was issued on March 22, 2006.